**Mohamed Karim JALLOH, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 11–3075–ag.**

United States Court of Appeals, Second Circuit.

May 8, 2012.

Parker Waggaman, Woodside, NY, for Petitioner.

Tony West, Assistant Attorney General; Blair O'Connor, Assistant Director; R. Alexander Goring, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROBERT D. SACK, RICHARD C. WESLEY and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Mohamed Karim Jalloh, a native and citizen of Sierra Leone, seeks review of a June 30, 2011, decision of the BIA denying his motion to reissue. *In re Mohamed Karim Jalloh,* No. A095 850 735 (B.I.A. June 30, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We treat motions to reissue as motions to reopen, reviewing the agency's denial of such motions for abuse of discretion, and the agency's findings of fact under the substantial evidence standard. *See Ping Chen v. U.S. Att'y Gen.,* 502 F.3d 73, 75 (2d Cir.2007). In this case, the BIA did not abuse its discretion in denying Jalloh's motion to reissue its June 25, 2010, decision.

Aliens seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative decision was entered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the 90–day filing deadline for motions to reissue does "not begin to run until the BIA has complied with its regulations requiring service of the BIA's decision on the petitioner." *Ping Chen,* 502 F.3d at 75. The agency's regulations require the BIA to serve its orders by "physically presenting or mailing [the] document to the appropriate party." 8 C.F.R. § 1003.13. "Once the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begins to run, even if the order miscarries in the mail or the alien does not receive it for some other reason that is not the BIA's fault." *Ping Chen,* 502 F.3d at 76–77.

In his motion, Jalloh admitted that the BIA properly served both him and his attorney with its decision on June 25, 2010. Thus, the 90–day deadline for filing his motion to reissue that decision began on that date, and the BIA did not abuse its discretion in finding his December 6, 2010, motion untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also Ping Chen,* 502 F.3d at 76–77. Moreover, Jalloh's argument that the BIA erred in denying his motion because he was out of reach traveling for work at the time the BIA issued and served its decision is unavailing as it does not demonstrate that the BIA was at fault for the delay in his receipt of its decision. *See Ping Chen,* 502 F.3d at 76–77. Accordingly, the BIA did not abuse its discretion in denying Jalloh's untimely motion to reissue. *Id.*

For the foregoing reasons, the petition for review is DENIED.